Dore, J.
(dissenting). Whether plaintiffs as buyers or defendant as seller breached the contract was essentially an issue of fact for the jury and depended upon the júry’s acceptance or rejection of the credibility of witnesses. These basic issues the learned trial court properly left to the jury and the jury obviously resolved all such issues against defendant.
The trial court properly precluded defendant from examining Mr. Polebaum regarding Mrs. Cohen’s letter. The contracts were separate and the causes of action separate and neither party was agent for the other. Mrs. Cohen’s letter was an admission against interest; but, as it was not in the pleadings, it was not conclusive and like all such admissions explainable and the court permitted a prolonged cross-examination of Mr. Cohen regarding the contents of the letter and also permitted cross-examination of Frieda Polebaum on the letter.
*850 The contracts in my opinion were indivisible and should be construed as a whole and clause seventeenth should be considered with the rest of the agreement and not as a separate contract. The very presence of that clause indicates that the plaintiffs were not interested solely in the purchase of undeveloped lots. The defendant that drew the contract included that clause and now says the clause is meaningless and that “ Where one side to a contract cannot be held neither can the other.” Nevertheless defendant demands judgment on its counterclaim for additional large sums of money from plaintiffs.
The testimony is voluminous; the trial court granted a wide latitude to both parties; and the result reached by the trial court and unanimously affirmed by the Appellate Term is right and should not be disturbed. Defendants drafted the contract and should not on the theory that it is meaningless keep plaintiffs’ money and give them nothing for it.
Accordingly, I dissent and vote to affirm.
Cohn, Callahan, Van Voorhis and Shientag, JJ., concur in Per Curiam, opinion; Dore, J., dissents and votes to affirm in opinion.
Determination of the Appellate Term and judgment of the City Court reversed and a new trial ordered, with costs to the appellant to abide the event.